IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JOSE RAMON MELENDEZ CINTRON
MARIA CECILIA CAMACHO CARRILLO

Debtors

CASE NO. 13-02862 (ESL)

CHAPTER 13

OPINION AND ORDER

This case is before the court upon the Chapter 13 Trustee's *Objection to Debtor's [sic] Claimed Exemption* (the "*Objection*", Docket No. 24) over the Debtors' stove under 32 L.P.R.A. § 1130(14), and their jewelry under 32 L.P.R.A. § 1130(2). The Debtors filed a *Reply to Trustee [sic] Objection* (Docket No. 38) sustaining that the exemptions were properly made. For the reasons stated below, the Chapter 13 Trustee's *Objection* (Docket No. 24) is hereby denied.

Procedural Background

The Debtors filed their Chapter 13 bankruptcy petition on April, 15, 2013 along with the corresponding schedules (Docket No. 1). In *Schedule C*, the Debtors claimed a $100.00 exemption under 32 L.P.R.A. § 1130(2) for fantasy wedding gold bands and a $75.00 exemption under 11 U.S.C. § 1130(14) for a 15 year old stove (Docket No. 1, p. 15).

On June 17, 2013, the Chapter 13 Trustee filed the *Objection* (Docket No. 24) to the Debtors' claimed exemptions on a stove and a ring alleging that they were improperly made under 32 L.P.R.A. §§ 1130(14) and 1130(2). The Chapter 13 Trustee sustains that the Debtors incorrectly claimed an exemption on the stove under 32 L.P.R.A. § 1130(14) instead of 32 L.P.R.A. § 1130(2), which expressly provides the exemption for stoves. In addition, the Chapter 13 Trustee argues that 32 L.P.R.A. § 1130(2) does not exempt jewelry.

On July 9, 2013, the Debtors filed a *Motion Requesting Extension of Time to File Answer to Trustee's Objection To Debtor's Claimed Exemptions* (Docket No. 28) requesting an

-1-

additional ten (10) days to file their response. On July 10, 2013 the court granted the extension of time (Docket No. 29). On July 29, 2013, the Debtors filed another *Motion Requesting Extension of Time to File Answer to Trustee's Objection To Debtor's Claimed Exemptions* (Docket No. 33) requesting an additional five (5) days, which the court granted on July 30, 2013 (Docket No. 35).

On August 6, 2013, the Debtors filed *Amended Schedules B & C* claiming the same exemptions for the stove and wedding bands under the same legal provisions stated in former *Schedule C* (Docket No. 37, p. 5). Also on August 6, 2013, the Debtors filed a *Reply to Trustee [sic] Objection to Debtor's [sic] Claimed Exemption [sic]* (Docket No. 38) sustaining that the claimed exemption under 32 L.P.R.A. § 1130(14) is proper.

## Jurisdiction

The court has jurisdiction over this contested matter and the parties pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## Legal Analysis and Discussion

*(A) Exemptions in General*

When a debtor files a bankruptcy petition, all of his/her/its assets become property of the bankruptcy estate [11 U.S.C. § 541] subject to the debtor's right to reclaim certain property as exempt under 11 U.S.C. § 522. See Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992). Property becomes exempt by operation of law when no objections are filed. See 11 U.S.C. § 522(l). Exemptions should be liberally construed in furtherance of the debtor's right to a "fresh start". In re Gutierrez Hernández, 2012 Bankr.LEXIS 2735 at *5, 2012 WL 2202931 at *2; In re Newton, 2002 Bankr.LEXIS 2089 at *7, 2002 WL 34694092 at *3 (B.A.P. 1st Cir.2002); Christo v. Yellin (In re Christo), 228 B.R. 48, 50 (B.A.P. 1st Cir.1999). A "fresh start", however, does not translate to a "head start". In re Goldberg, 59 B.R. 201, 208 (Bankr. N.D.Okla.1986). "The basis for exemption laws is that by providing a debtor to retain a

-2-

minimum level of property, the debtor and his or her family will not be completely destitute and thus a burden to society." Id. at 208.

*(B)     How to Claim Exemptions under 11 U.S.C. § 522*

"In order to be effective, a debtor must specifically describe the property claimed as exempt and inform the value." In re Gutierrez Hernández, 2012 Bankr.LEXIS 2735 at *5, 2012 WL 2202931 at *2. Also see Nancy C. Dreher and Joan N. Feeney, Bankruptcy Law Manual, Volume 1 § 5:43 (2012–2), p. 1015. Thus, a debtor is required to list the property claimed as exempt on the schedule of assets that must be filed with the bankruptcy petition. See 11 U.S.C. § 522(l); Fed. Rs. Bankr. P. 1007(b), 1007(I)(b) and 4003. A party in interest or the trustee may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under 11 U.S.C. § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. Fed. R. Bank. P. 4003(b)(1). If an interested party fails to object to a claimed exemption within the time allowed, the subject property will be excluded from the bankruptcy estate even if the exemption's value exceeds the statutory limits. 11 U.S.C. § 522(l); Taylor v. Freeland & Kronz, 503 U.S. 638, 643-644 (1992). In the instant case, there is no dispute that the Chapter 13 Trustee's *Objection* (Docket No. 24) is timely.

*(C)     Exemptions when Co-Debtors File a Joint Bankruptcy Petition*

"In joint cases, Section 522 [of the Bankruptcy Code] applies separately to each debtor pursuant to subsection (m), subject to the limitation set forth in subsection (b), which was added by the 1984 amendments to the Code." Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy, ¶ 522.04 [5] (16th ed. 2013). Also see In re Gentile, 483 B.R. 50, 54 (Bankr. D. Mass. 2012). Notwithstanding, "[w]henever a husband and wife both become debtors under the Code through voluntary or involuntary proceedings, and their cases are jointly filed and jointly administered, they must both elect the same 'slate' of exemptions", meaning that "if one spouse

elects the federal Code exemptions, the other spouse must also elect federal exemptions". Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy, ¶ 522.04[6] (16th ed.2013).

In the instant case, both Debtors opted to claim the exemptions under Puerto Rico law. Thus, each co-debtor is entitled to claim the values established in the Puerto Rico exemption scheme under 11 U.S.C. § 522(m).

*(D)*     *Exemptions on the Debtors' Stove*

The Debtors claimed an exemption on their 15 year old stove in the amount of $75.00 under 32 L.P.R.A. § 1130(14). See Docket No. 37, p. 5. The Chapter 13 Trustee avers that the stove exemption can only be claimed under 32 L.P.R.A. § 1130(2). See Docket No. 24, p. 2, ¶ 5.

Article 249(2) and (14) of Code of Civil Procedure of Puerto Rico provides as follows:

In addition to the homestead exempted by the Homestead Law, the following property belonging to an actual resident of this Commonwealth of Puerto Rico shall be likewise exempted from execution, except as herein otherwise provided:

…

(2) Necessary household, table and kitchen furniture belonging to the judgment debtor, including one sewing machine in actual use in the family, or belonging to a woman, and **stove**, furniture, beds, bedding and bedsteads, not exceeding in value **two hundred (200) dollars**, wearing apparel, hanging pictures, oil paintings and drawings, drawn or painted by any member of the family, and family portraits and their necessary frames, provisions actually provided for individual or family use sufficient for one month; one cow with her suckling calf, and one hog with her suckling pigs.

...

(14) Common iceboxes expressly designed and commercially known for home use; **home-use kitchens**; wash machines for home use whose cash price does not exceed **two hundred (200) dollars**; radio receiving sets whose cash price does not exceed one hundred (100) dollars; television sets for home use whose cash price does not exceed two hundred and fifty (250) dollars per unit, and electric irons for home use, are likewise exempted from attachment and execution. 32 L.P.R.A. § 1130(2) and (14) (emphasis adeed).

The exemption amount established in subsections (2) and (14) of Article 249 is the same: $200.00. The Debtors' claimed exemptions for the stove is $75.00. See Docket No. 37, p. 5. Therefore, the court will consider the exemption claimed on the stove under 32 L.P.R.A. § 1130(2) and because the amount claimed does not exceed the cap established in that subsection, the court allows it[1].

*(E)    Exemptions Claimed on the Debtors' Fantasy Wedding Bands*

The Debtors claimed an exemption on their fantasy jewelry wedding gold bands in the amount of $100.00 under 32 L.P.R.A. § 1130(2). See Docket No. 37, p. 5. The Chapter 13 Trustee sustains that said legal statute does not afford an exemption on jewelry. See Docket No. 24, p. 2, ¶ 6.

Article 249(2) of Code of Civil Procedure of Puerto Rico exempts:

> Necessary household, table and kitchen furniture belonging to the judgment debtor, including one sewing machine in actual use in the family, or belonging to a woman, and stove, furniture, beds, bedding and bedsteads, not exceeding in value **two hundred (200) dollars**, **wearing apparel**, hanging pictures, oil paintings and drawings, drawn or painted by any member of the family, and family portraits and their necessary frames, provisions actually provided for individual or family use sufficient for one month; one cow with her suckling calf, and one hog with her suckling pigs. 32 L.P.R.A. § 1130(2) (emphasis added).

In In re Rivera, *supra,* this court was presented with the same jewelry exemption controversy posed by the Chapter 13 Trustee in the instant case under the same legal grounds. After a careful analysis of that legal provision, its history and the applicable case law from its origin jurisdictions, the court ruled as follows:

> **The court concludes that the phrase "wearing apparel" includes jewelry for the exemption afforded in Article 249 of Puerto Rico's Code of Civil Procedure,** *supra***.** Notwithstanding, because "wearing apparel" is subjected to the condition of "necessary", the court adopts the reasoning in In re Estate of Millington: "the word 'necessary' does not limit wearing apparel to that which is

---

[1] In In re Rivera, 2013 Bankr. LEXIS 2362 *14, 2013 WL 2477277 at *5 (Bankr. D.P.R. 2013), this court considered a joint exemption on a stove, microwave, kitchen utensils, dinnerware and cookware.under 32 L.P.R.A § 1130(14). Upon review, the court considers that a stove exemption is only proper under 32 L.P.R.A. § 1130(2), which expressly provides for that particular exemption.

indispensable, but it is sufficiently flexible to include things which are usual and appropriate for the reasonable comfort and convenience of a debtor, although they may not be absolutely necessary for mere subsistence." 63 Ca. App. [498], 501 [Court of Appeals California 3rd App. Dist. 1923)]. The court also adopts the reasoning in In re Peterson, 280 B.R. [886,] 890-891 [(Bankr. S.D. Ala. 2001)], inasmuch as the jewelry's value may determine whether it is "**necessary and proper**" wearing apparel. In re Rivera, 2013 Bankr. LEXIS 2362 at *28, 2013 WL 2477277 at *10.

Applying that reasoning to the exemption claimed by the Debtors in the instant case, the court finds that the claimed exemption on their wedding bands in the amount of $100.00[2] is a reasonable exemption for that kind of jewelry, which does not warrant a valuation hearing. Therefore, the exemption claimed on the fantasy wedding gold bands is allowed.

Conclusion

In view of the foregoing, the Chapter 13 Trustee's *Objection* (Docket No. 24) is hereby denied and the Debtors' claimed exemptions on the stove and fantasy wedding gold bands (Docket No. 37, p. 5) is hereby allowed.

SO ORDERED.

In San Juan, Puerto Rico, this 18th day of September, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[2] This court parts from the premise that each co-debtor is claiming a $50.00 exemption on their respective wedding band pursuant to 11 U.S.C. § 522(m). See subsection (C) of this *Opinion and Order*, *supra*.